## JESSE HOWARD *vs.* TIMOTHY O'NEILL & another.

No exception lies to a refusal to instruct the jury, in an action for the disturbance of a right of way claimed to have been established by prescription, that, if the party using the way asked permission to do so once within the twenty years, or if the owners of the land over which it passed objected to or forbade such use once within that time, it would defeat the right of way, if the judge has already instructed them that the plaintiff must prove an adverse use for twenty years, and that adverse use meant using the way as of right, without asking permission of any one, and not by permission; and if the jury, in reply to a question submitted to them, find that the right of way was acquired by twenty years' adverse use, before any objection was made.

TORT for the disturbance of a right of way claimed to have been established by prescription over the defendant's land to a lot called the Gold Lot, in which the plaintiff had an interest. At the trial in the superior court, *Ames, J.* instructed the jury that it was necessary for the plaintiff to prove an adverse, open, notorious, peaceable, uninterrupted and continuous use of the way for twenty years, by the owners of the Gold Lot; that " adverse use meant using the way as of right, without asking permission of any one, and not by permission; that if the use began in permission, it was not adverse and would not create the right; that peaceable use meant using without opposition, and that if the right had in this way been acquired, it would not be lost by occasional subsequent objection or obstruction."

The defendants then asked the judge to instruct the jury that, if the party using the way asked permission to cross once within the twenty years, it would show that he did not enjoy the use of the way as of right, and thus break the continuity of possession; and that, if the owners of the land over which the way passed objected to or forbade such crossing once within twenty years, it would have the same effect. The judge declined to give these instructions, but submitted to the jury this question : " Was the right of way acquired by twenty years' adverse use before any objection was made by any former owner of the defendants' land ? " The jury found for the plaintiff, and answered the question in the affirmative and the defendants alleged exceptions.

*S. W. Bowerman & E. M. Wood,* for the defendants.

*R. W. Adam,* for the plaintiff.

DEWEY, J. The prayer of the defendants for instructions, that, if the party using the way asked permission to cross once within the twenty years, it would show that he did not enjoy the use of the way as of right, and thus break the continuity of possession, was, as it seems to us, sufficiently answered in the general instructions that had already been given by the court, in which it was stated that " adverse use meant using the way as of right, without asking permission of any one, and not by permission."

The evidence of such asking of permission to use the way on one or more occasions was very pertinent evidence, and bore directly upon the issue presented by the instruction of the court, that the jury must find that the use was without asking permission of any one. It was for the jury to judge from the evidence whether it was of such a character as established the fact that there was any use under an acknowledgment of right in the other party and by his permission. If so, then under the instructions that were given as to what would constitute an adverse use, the jury must have found against the title by adverse use.

The remaining portion of the instructions asked for, that, if the owners of the land over which the way passed objected to, or forbade such crossing once, before the right had been acquired, it would prevent the title being acquired, was made the subject of inquiry by the jury as to the facts, as we must presume upon the ground that the question of law, thus presented, was not one arising in the case, as it seems, from the finding of the jury was the fact; and therefore no exception lies to the omission of the judge to rule thereupon, supposing that his general instruc‧ tions did not directly meet that point.

*Exceptions overruled.*